**SO ORDERED.**

**SIGNED September 22, 2005.**



_____
**HENLEY A. HUNTER
UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION**

IN RE:
    JERRY G. HOWARD                   CASE NO: 05-30584

IN RE:
    SADIE N. HOLEY                    CASE NO: 05-30586

IN RE:
    ROBERT TAYLOR                   CASE NO: 05-30682

              ****************************************

R. MICHAEL BOLEN,                 ADVERSARY NOS.: 05-3023 (Holey)
UNITED STATES TRUSTEE, REGION 5                     05-3024 (Howard)
                                                                   05-3025 (Taylor)

**VERSUS**

HARRIET LYNNE KING
d/b/a H.L. KING & ASSOCIATES, USA, INC.

**REASONS FOR JUDGMENT ON DEFAULT**

       Evidentiary hearings were held in these matters on complaints for injunctive relief and the imposition of fines on September 7, 2005. The matters were consolidated for purpose of the hearings. These are core proceedings pursuant to 28 U.S.C. §157(b)(2)(A), (E) and (O). This Court has jurisdiction pursuant to 28 U.S.C. §1334 and by reference from the district court. No party has

sought to withdraw the reference. This Court makes the following findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. Pursuant to these reasons, a permanent injunction will issue against Harriet Lynne King d/b/a H. Lynne King & Associates, USA, Inc., prohibiting such entities from further acts in violation of various provisions of 11 U.S.C. §110 and imposing fines.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**Procedural History**

Debtors, Sadie N. Holey and Jerry G. Howard, Jr., filed voluntary cases under Chapter 7 on March 9, 2005. The petitions were filed electronically and reflected that debtors' counsel was H. Lynn King, of HL King and Associates, USA, Inc., P.O. Box 4278, Monroe, LA 71211-4278. Both petitions were purportedly signed by James P. Brawley, III, as attorney for the debtors. Brawley purportedly signed the Statement pursuant to F.R.B.P. 2016(b). Uniform District Court Rule LR 83.2.2M & W provides that any member in good standing of the bar of the Supreme Court of Louisiana is eligible for admission to practice in the Western District of Louisiana, subject to compliance with the district court rules. James P. Brawley is neither a member of the Louisiana State Bar Association nor admitted to practice in the Western District of Louisiana. Moreover, the Order relating to Administrative Procedures for filing, signing, and verifying pleadings and papers using the Electronic Case Filing System in the United States Bankruptcy Court for the Western District of Louisiana permit such filings only by attorneys admitted to practice and in good standing.[1] An application for Use of Electronic Filing System was submitted by HL King & Associates, USA, Inc., representing that it was admitted to practice in the United States District Court for the Western District of Louisiana, and further representing that the applicant was an attorney.

Accordingly, this Court *sua sponte* issued an Order to Show Cause why the names of H.Lynne King, HL King and Associates, USA, INC., and James P. Brawley, III, should not be stricken as attorneys for Holey and Howard. A hearing was fixed for April 6, 2005. Further, the

---

[1]See Administrative Procedures for Filing, Signing and Verifying Pleadings and Papers by Electronic Means, as amended September 16, 2004, United States Bankruptcy Court, Western District of Louisiana. Creditors, not represented by an attorney, may obtain a password for the filing of claims and other limited purposes.

2

Debtors, H. Lynne King, HL King and Associates, USA, INC., and James P. Brawley, III, were directed to produce the original signed petitions, statements, and all documents executed by the debtors and surrender the same to the Clerk of the Bankruptcy Court prior to the hearing.[2]

Robert Taylor, Jr., filed a voluntary petition under Chapter 7 on March 18, 2005. This petition, reflecting the debtor's signature, was mailed into the Clerk's Office by H. Lynn King, of HL King and Associates, USA, Inc., rather than being uploaded into the CM/ECF system. The petition was not signed by a Non-Attorney Petition Preparer, as defined by 11 U.S.C. §110, and did not state whether the documents were prepared for compensation. The statement pursuant to F.R.B.P. 2016(B) reflected that the $209 filing fee had been paid, although no funds were tendered to the Clerk of the Bankruptcy Court. Further, that statement showed that an attorney for the petitioner signed the petition "/s/ In Pro Per," although there was no original signature of counsel.

An Order to Show Cause was entered in the Taylor case, directing the debtor, H. Lynne King, HL King & Associates, USA, INC., and James P. Brawley to appear and show cause why a time should not be fixed for the debtor to obtain counsel authorized to practice or be deemed to be proceeding *pro se* and to fix a time to pay the filing fee. This hearing was also set on April 6, 2005.

On April 6, 2005, when the docket was announced in open court, Ms. King was present and reported that Mr. Brawley was no longer associated with the "firm," i.e., the entity known as H. Lynne King and Associates. She further reported that arrangements had been made to employ an attorney from Shreveport, Louisiana to enroll as counsel in all three cases. Neither Mr. Brawley nor any other attorney appeared. When the matter was called for hearing, Ms. King had disappeared. The Assistant United States Trustee was present and evidence was presented. The matters were continued to May 11, 2005, pursuant to a supplemental Order to Show Cause issued thereafter, incorporating the prior orders by reference, rescheduling the hearings, addressing whether the cases should be dismissed for failure to pay the filing fees and reserving the right of the Court to set a

---

[2] §VII of the Administrative Procedures publication requires the attorney or person filing any document in a bankruptcy case to maintain the original signed document(s) for at least five years after the case is closed. Under §VIII, each electronic filer is required to file a declaration regarding electronic filing of the petition, schedules and statements, with the original of that document being retained by the clerk of court. Without such a declaration, the court would not have any original signature of a debtor or his or her counsel on file.

3

contempt hearing for Ms. King's failure to attend and respond to the prior orders of the Court by producing and surrendering the documents described therein.

A hearing was held on May 11, 2005, at which Ms. King, Mr. Howard, Mr. Taylor, the Assistant U.S. Trustee, and Mr. Gordon Bartage, attorney at law, were present.[3] From that hearing, an order issued directing H. Lynn King, a/k/a H. Lynne King, and/or H.L. King & Associates, USA, Inc., and its officers, employees and agents to forthwith turn over any funds received from all of the debtors in the three cases to the Chapter 7 Trustees.[4]

Additionally, the names of H. Lynn King, a/k/a H. Lynne King, and/or H.L. King & Associates, USA, Inc., and James P. Brawley, III, were stricken as the attorneys for debtors in all three cases. Mr. Bartage was enrolled as counsel for Robert Taylor, Jr. Mr. Howard was deemed to be proceeding *pro se*. Ms. Holey was permitted 10 days to obtain new counsel or be deemed to be proceeding *pro se*.

The United States Trustee filed these Adversary Proceedings for injunctive relief on May 26, 2005, naming as defendant Harriet Lynne King d/b/a H.L. King & Associates, USA, Inc. No responsive pleadings were filed. A default was entered by the Clerk in each adversary proceeding on July 29, 2005. An evidentiary hearing was held on September 7, 2005. At that time, the United States Trustee orally moved to consolidate the matters for the purpose of the evidentiary hearings, and that motion was granted. After evidence was presented, the Court took the matters under advisement.

**Summary of the Evidence Presented Supporting Violations of 11 U.S.C. §110**

The United States Trustee seeks injunctive relief and the imposition of fines under 11 U.S.C. §110. That section regulates the conduct of petition preparers, a "person other than an attorney or

---

[3]Ms. Holey did not appear at the May 11, 2005, hearing, nor did she obtain counsel to date. Ms. Holey later testified that she received a copy of the Court's Order to Show Cause fixing the hearing for May 11, 2005. At that point, she called Ms. King and was told the latter had taken care of the matter and Ms. Holey need not appear. Mr. Brawley did not appear.

[4]The Order further provided that, on payment of the funds, the Court would entertain an *ex parte* motion from the Chapter 7 Trustees to pay the Clerk the filing fees in cases No. 05-30584 and 05-30586, and to reimburse the filing fee advanced by Mr. Bartage in Case No. 05-30682.

4

an employee of an attorney, who prepares for compensation a document for filing." §110(a)(1). The United States Trustee asserts that fines should be imposed for King's violation of the specific sub-sections of §110 by her failure to sign and print her name and address on all documents prepared for filing; failure to list her identifying number on documents prepared for filing, failure to provide copies of the documents to the debtors when she presented the documents for signing, for holding herself out as an attorney to the public and the court, for collecting the filing fee, and failing to file the declaration of any fee received for bankruptcy services.

The following evidence was presented at the hearing on Motion for Default Judgment on September 7, 2005, at which Mr. Mark Sutton and Ms. Lucy G. Sikes, Chapter 7 Trustees in the above-captioned cases, as well as debtor, Ms. Sadie Holey, testified. The case records of all three above-captioned cases were introduced in globo and by reference as UST # 1. The May 11, 2005 Order was introduced as UST # 2. The exhibits filed at the May 11, 2005 hearing were introduced in globo as UST # 3, and included the check written by Howard to the defendant, the check written to defendant by Taylor bearing Ms. King's signature as "CEO," Taylor's receipt, a copy of the letter defendant provided to Taylor describing legal services to be performed, and two advertisements (flyers) issued by Ms. King. Exhibit UST # 4 is the copy of an application for access to the CM/ECF system, on which King affirms she is an attorney admitted to practice in the Western District of Louisiana. Exhibit UST # 5 is a set of letters and e-mail communications from the State Bar Associations in Arkansas, Georgia and Mississippi, reflecting that there is no James P. Brawley admitted to practice in those states. Exhibit UST # 6 is the transcript of the May 11, 2005 hearing, which includes the testimony of Mr. Howard, Mr. Taylor and Ms. Harriet Lynn King. Exhibit UST # 7 in globo are copies of notes and letters from Ms. King to Ms. Holey and a letter to Ms. Holey from Guaranty Bank concerning a proposed reaffirmation of a debt.

**Failure to Sign and Address Documents in Violation of §110(b)**

"A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address." §110(b)(1). The three case records reveal that King failed to identify herself on the documents by signing and printing her name and address as a bankruptcy petition preparer in violation of 11 U.S.C. §110(b)(1). Such a violation by a petition preparer may result in an injunction pursuant to §110, which the United States Trustee requests be made permanent in accordance with §110(j)(2)(A).

5

**Failure to Show Identifying Petition Preparer Number on Documents in Violation of §110(c)**

"A bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document." §110(c). As the three case records reflect on the petitions filed, King failed to place her identifying number on the documents in violation of §110(c)(1).

**Failure to Provide Debtors Copies of Documents in Violation of §110(d)**

"A bankruptcy petition preparer shall, not later than the time at which a document for filing is presented for the debtor's signature, furnish to the debtor a copy of the document." §110(d). At the September 7, 2005, Ms. Holey testified that she signed the documents prepared by Ms. King, but was not given any copies. Mr. Howard, likewise, stated that the only copy of a document he received was his W-2, not the copies of his bankruptcy filings.

Mr. Howard testified that he signed the petition and other documents after meeting Ms. King at a gas station. At that time, he furnished her a copy of his W-2 form. He testified he received a copy of that and gave it to the trustee at the §341 meeting. Apparently he received no copies of the papers he signed. (Exhibit UST #6 p.11.) The record, therefore, reflects that King violated this sub-section twice, once in the Holey case and once in the Howard case.

**Violation of §110(f) in Advertising**

"A bankruptcy petition preparer shall not use the word "legal" or any similar term in advertisements, or advertise under any category that includes the word "legal" or any similar term. §110(f). King admitted at the hearing on May 11, 2005, that she was not an attorney, but stated she was a notary public. She admitted she failed to comply with the requirements of §110. She advertised, as a bankruptcy petition preparer, services consisting of "legal research that generates well-written legal documents," "provide an array of legal services," and listed areas of expertise including "bankruptcy (7&13)," "succession." and other services.

Ms. Holey was asked to distribute flyers advertising the services of HL King & Associates, including one addressing "Debt overload" during the holiday season. The flyer offered a "solution" in the form of "bankruptcy protection" at $400 for a Chapter 7 (Liquidation) or $194 for a Chapter 13. Exh. UST 3, in globo. Mrs. Holey testified that Ms. King offered to perform other legal services for her and to tell her friends about the firm. Ms. Holey did not distribute any of the flyers.

Mr. Howard testified that he thought Ms. King was an attorney, since she showed him her

6

"license." (Exhibit UST #6 p.9.) He also saw a sign in the front yard of her office, reading something like "bankruptcy, six hundred and something dollars." (Exhibit UST #6 p.10.) Ms. King also displayed a "license" to Mr. Taylor, indicating that she was a licensed attorney.

With respect to whether he thought Ms. King was an attorney, Mr. Taylor testified he thought she "could handle the case." (Exhibit UST #6 p. 40.) He acknowledged that he received a letter about a bankruptcy appointment. This letter showed that he had elected not to schedule an appointment, but that the firm (HL King & Associates, USA, INC.) "look[ed] forward to addressing [his] legal needs in the future." (Exhibits UST #6 40-41, UST #3.) Mr. Taylor also testified he never saw Mr. Brawley, and that he first thought Ms. King was an attorney, although she later told him she was not. (Exhibit UST #6 p. 42.)

Ms. King admitted she displayed a sign outside the place of business advertising "Bankruptcy Protection, $400 plus filing fees," followed by the company name and telephone number. She acknowledged that customers were furnished flyers, which advertised specialties including contractual agreements, wills, testaments, bankruptcy, 7 and 13, living wills, declaration, real estate closings, power of attorney, act of donation, deeds, and successions. (Exhibits UST #6 p. 31-32, UST #2.) Copies of the flyers circulated by HL King & Associates are attached to these Reasons as Exhibits, together with a copy of the application to the Clerk of the United States Bankruptcy Court for use of the electronic case filing system.

**Violation of §110(g) in the Collection of Fees**

"A bankruptcy petition preparer shall not collect or receive any payment from the debtor or on behalf of the debtor for the court fees in connection with filing the petition." §110(g). The three debtors in these cases testified they paid the filing fees and charges for "representation" in their cases to Ms. King. (Exhibit UST #6, p. 8.) All three debtors consulted with King, paying her the filing fees of $209 and a "bankruptcy fee" of $400 to provide advice and prepare the statements and schedules. The Holey and Taylor debtors were also charged an "administrative fee" of $25. Even after the Order directing the turnover of fees paid, the filing fees were never turned over to either the Clerk of the Bankruptcy Court or the Chapter 7 Trustees.

Ms. King acknowledged she received the filing fees for all three cases. She claimed they were paid via electronic filing. (Exhibit UST #6 p.20-21.) She testified she had a credit card account from which she assumed the fees would be automatically debited. (Exhibit UST #6 p.22.) She

7

acknowledged she did not bring the funds to the May 11, 2005 hearing.

Ms. King stated that all three debtors paid the filing fees of $225 and charges of $400 each. Mr. Taylor and Mr. Howard paid an additional amount of $16. Ms. Holey paid a total of $609. (Exhibit UST #6 p.33.) Ms. King claimed, however, that she was offering "a bankruptcy processing service," with all customers being informed they were not attorneys. (Exhibit UST #6 p.38.) When questioned as to why she did not sign the petitions as a bankruptcy petition preparer, she claimed it was an "oversight." (Exhibit UST #6 p.38.)

**Failure to File Declaration of Payments by Debtor to Petition Preparer in Violation of §110(h)**

"Within 10 days after the date of the filing of a petition, a bankruptcy petition preparer shall file a declaration under penalty of perjury disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor." As evidenced by the case records in all three matters, such a declaration was never filed, despite Ms. King's admission that she received funds as discussed above.[5]

Section (h)(2) provides that the Court "shall disallow and order the immediate turnover to the bankruptcy trustee of any fee referred to in paragraph (1) found to be in excess of the value of services rendered for the documents prepared." On May 11, 2005, this Court issued such a turnover Order in all three cases. (Exhibit UST # 2.) Despite Ms. King's promise to refund the fees at the May 11, 2005, hearing, and the Court's Turnover Order, the Chapter 7 Trustees testified that they had received no such funds as of September 7, 2005.

**Fraudulent, Unfair and Deceptive Acts Under §110(i)**

"If a bankruptcy case or related proceeding is dismissed because of the failure to file bankruptcy papers, including papers specified in §521(a) of the title, the negligence or intentional disregard of this title or the Federal Rules of Bankruptcy Procedure by a petition preparer, or if a bankruptcy petition preparer violates this section or commits any fraudulent, unfair or deceptive act, the bankruptcy court shall certify that fact to the district court, . . . ."

Ms. King led debtors and the Office of the Clerk of the Bankruptcy Court to believe she was an attorney. Ms. King also filed documents electronically using an Electronic Case Filing password

---

[5]Although Mr. Brawley purportedly signed the statement of compensation in the Howard case showing no funds were paid, debtor actually paid a total of $625. (Exhibit UST #6 p.19.)

8

she fraudulently obtained from the Office of the Clerk of Court by representing herself to be a licensed attorney.[6] Ms. King admitted that she signed an application for use of the electronic filing system, although she denied having represented that she was an attorney. She acknowledged that the number shown on the application is the number issued to her as a notary by the Secretary of State of Louisiana. (Exhibit UST #6 p.25.) She also acknowledged that the application was executed by her and that the only handwriting on same that was not hers were numbers and letters appearing in the upper right hand corner and midway on the page, together with an "X" mark. (Exhibit UST #6 p.27.) Ms. King testified that she completed the form showing that she was a creditor. The space for a creditor has been marked out. (Exhibit UST #6 p.26-28.)

In addition to her "services" in preparing bankruptcy forms, Ms King evidently gave out legal advice. Mr. Howard testified that Ms. King discussed what property he could keep after filing. (Exhibit UST #6 p.20.) She acknowledged she performed similar services in all three cases. (Exhibit UST #6 p. 30.)

As for the mysterious Mr. Brawley, Mr. Howard testified he had never met Mr. Brawley. (Exhibit UST #6 p.12,15.) Ms. King finally admitted in open court that she was not an attorney, and claimed to have met Mr. Brawley "online" when he informed her he was an attorney in the States of Louisiana, Georgia, Mississippi, and perhaps Arkansas.[7] (Exhibit UST #6 p.22-23.) She acknowledged she prepared the statement of compensation in Mr. Howard's case showing Mr. Brawley's signature and that he authorized her to affix his signature. (Exhibit UST #6 p.23.) No witness ever reports Mr. Brawley's presence at the defendants' office in Monroe. Ms. King testified she had no address for Mr. Brawley and never mailed him anything; nor had she ever received anything from him, including any signature. (Exhibit UST #6 p.29.)

**Applicable Law on Imposing Fines and an Injunction Under §110 and Analysis**

A bankruptcy petition preparer may be fined for violation(s) of these provisions, each of the above delineated provisions allowing for the imposition of a $500 fine for each violation. 11 U.S.C. §110(b)(2),(c)(2),(d)(2),(f)(2),(g)(2), and (h)(4). The evidence discussed above supports the United

---

[6]The documents in the Taylor case were mailed to the office of the Clerk.

[7]Mr. Brawley is not a member of the bar in the States of Georgia, Arkansas, Mississippi. (Exhibit UST #5.)

States Trustee's assertions of the violations of each provision.

The Bankruptcy Court may also certify such a finding of the above violations to the United States District Court for the purpose of allowing the debtor or the Chapter 7 Trustee to pursue actual damages and/or penalties against a petition preparer who committed a fraudulent, unfair or deceptive act. §110(i)(2). Under §110(i) the district court, on motion of the debtor, trustee or a creditor, shall order the payment of damages following a hearing. The statute is intended to protect pro se debtors from fraudulent and deceptive practices of non-attorneys who prepare bankruptcy petitions. 11 U.S.C. §110(i); *In re: Doser*, 412 F.3d 1056, 1061 (9th Cir. 6/7/2005).

As extensively noted above, Ms. King held herself out to the debtors and the Clerk of the Bankruptcy Court as an attorney, asserting in a document she submitted to the clerk that she was admitted to practice in the United States Courts for the Western District of Louisiana in violation of 11 U.S.C. §110(f)(1). Ms. King engaged in deceptive practices in her advertisements and representations to debtors, in giving legal advice about exemptions and in rendering services that required legal skill and knowledge and in alluding to the non-existent "Mr. Brawley." The provisions relating to the use of the term "legal" are considered to be a strict liability provision, with no "reasonable cause"exception. *In re Gomez*, 259 B.R. 379, 385 (Bankr. D. Colo. 2001); *In re: Finch*, 2004 WL 272152 (Bankr. M.D. Tenn. 10/6/2004)(unreported, of persuasive value per CTA5 Rule 47.5.4)(holding that even the use of legal in a phone number violated the statute). Pursuant to 11 U.S.C. §110(j)(2)(A) and (k), a bankruptcy petition preparer is not permitted or authorized to participate in deceptive practices or engage in activities that may violate state laws prohibiting the unauthorized practice of law, and may be enjoined from such conduct.

Further, federal and bankruptcy courts may regulate the practice of law and of non-lawyers in order to prevent the victimization of debtors and abuse of the bankruptcy process. *See* 11 U.S.C. §§105(a), 329, 110; *See also Chambers v. NASCO*, Inc. 501 U.S. 32,43, 111 S.Ct. 2123 (1991); *State Unauthorized Practice of Law Committee v. Paul Mason & Assoc., Inc*. 46 F. 3d 469, 471 (5th Cir. 1995). Under §110(j)(2), injunctions may issue to enforce the provisions of the section, if the Court finds that the defendant has "(I) engaged in conduct in violation of this section or of any provision of this title a violation of which subjects a person to a criminal penalty; (II) misrepresented the preparer's experience or education as a bankruptcy petition preparer; or (III) engaged in any other fraudulent, unfair, or deceptive conduct;" and finds injunctive relief is appropriate to curtail further

10

conduct of this nature. "If the Court finds that a bankruptcy petition preparer has continually engaged in conduct described" in subsection (i), "and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, or has not paid a penalty imposed under this section, the court may enjoin the person from acting as a bankruptcy petition preparer." §110(j)(2)(B). Pursuant to §110(k), nothing in the statute should be construed to permit activities that are otherwise prohibited by law, including rules and laws relating to the unauthorized practice of law.[8] *In re: Guttierez*, 248 B.R. 287, 294 (Bankr. W.D.Tex. 4/17/2000).

It is beyond peradventure that Ms. King engaged in the unauthorized practice of law by holding out to these debtors and the public as an attorney, and by, as discussed above, giving out legal advice with respect to filing schedules, statements, handling this Court's Order to Show Cause and proposed reaffirmations. It is even more unimaginable that she applied to the Clerk of the Bankruptcy Court to use the electronic filing system purporting to be an attorney. Her explanation that she checked only the box on the form for a creditor, while factually correct, is disingenuous at best. She misrepresented herself as an attorney for *pro hac vice* purposes and used her notary public number as a "Bar ID#." The flyers advertise a range of services. (Exhibit UST #3) To note a few, they include: "...draft legal documents or various purposes, provide a wide array of legal services...includ[ing] Legal Drafting...; provide QUALITY legal services; resolve your legal matters." The specialties include: "Contractual Agreements, Wills/Testaments, bankruptcy 7 & 13, and Living Wills (Declaration)." Mr. Brawley is shown as "President/Counsel." Ms. King's letter to Mr. Taylor mentions "addressing...legal needs" and purports to have been sent not only by her but by Mr. Brawley as Counsel. (UST #3) Ms. King never met Mr. Brawley and produced no

---

[8]Louisiana law prohibits the unauthorized practice of law. La.R.S. §37:212 prohibits any natural person or other entity who or which has not been duly and regularly licensed and admitted to practice by the supreme court of the state to practice law or hold himself or itself out to the public as being entitled to do so. Also proscribed are furnishing legal services or advice, assuming, using or advertising the titles of attorney, counselor, advocate or equivalent terms in such a manner as to convey the impression that he is a practitioner of law, or in any manner to advertise that he either alone or together with any other person has, owns, conducts or maintains an office for the practice of law. Any person found to have violated the statute may be fined not more than $1,000 or imprisoned for not more than two years.

11

evidence that he authorized her to affix his signature to legal documents.  He had no office in Monroe and is not licensed to practice in Louisiana, Mississippi, Arkansas or Georgia.[9]  The "Holiday" special flyer offers "bankruptcy protection" for compensation beyond any amount conceivably allowable for the type of services that might be properly performed by a petition preparer.  Ms. King's testimony that she failed to sign the petitions as a petition preparer by oversight is simply not credible. Indeed, statements of compensation of an attorney were filed in all three cases, purportedly signed by Mr. Brawley, even in the Taylor case, which showed the debtor as *pro se*.  Even so, those statements do not reflect the amounts actually paid, but only the filing fees, which a petition preparer may not collect.  None of the payments made to HL King & Associates, USA, Inc., for services or filing fees have been refunded, notwithstanding this Court's Order.

Accordingly, this Court finds the defendants, Ms. King and HL King & Associates, USA, Inc., continually engaged in conduct in violation of §110(j)(2)(A) and that an injunction prohibiting only the conduct enumerated by the specific sub-sections would not be sufficient to prevent her interference with proper administration of this title. Accordingly, the  permanent injunction sought by the United States Trustee pursuant to 11 U.S.C. §110(J)(2)(B), to enjoin Ms. King and HL King & Associates, USA, Inc., from acting as a petition preparer in the Western District of Louisiana should be granted.

Finally, the bankruptcy court may order the immediate turnover any of fees found to be in excess of the value of the services rendered for the preparation of the documents, which funds may be exempted by the debtor.  §110(h)(2).  However, the burden of proving the reasonableness of a fee collected by a bankruptcy petition preparer rests on the preparer.  In determining what compensation might be allowable, the value of services provided to debtors may be of no value or of negative value, where problems are created  in the debtors' cases as a result of the actions of a bankruptcy petition preparer. *In re: Finch*, 2004 WL 272152 (Bankr. M.D. Tenn. 10/6/2004)(unreported, of persuasive value per CTA5 Rule 47.5.4).

Although Ms. King has not sought any compensation by fee application in connection with these cases, had she done so, this Court would have been constrained to deny that request, for her efforts have been of further detriment to these debtors, who were poorly served by her ineptitude

---

[9]Indeed, this Court doubts that Mr. Brawley even exists.

and fraudulent misrepresentation. All of the debtors were cheated out of the funds they paid for legal services they did not receive and the amounts they paid for filing fees (which a petition preparer is not authorized to accept) which have not been refunded, notwithstanding Ms. King's admission that the funds were available for that purpose as of the May 11, 2005, hearing. She has never responded to the turnover order emanating from that hearing. No statement of financial affairs was filed in any of the three cases by Ms. King. Only in the Taylor case have the filing fees been paid (once new counsel was enrolled) and the statement filed, permitting him to receive his discharge. Mr. Howard and Ms. Holey, who were relegated to proceeding *pro se*, have not filed their statements of affairs and their filing fees remain unpaid. Ms. Holey received a reaffirmation agreement concerning her car, which was forwarded to her by Ms. King. (Exhibit UST #7.) A note thereon instructed Ms. King to return the agreement to the creditor as soon as possible. When the reaffirmation was filed with the Court, Mrs. Holey testified she received a notice that an attorney had not signed it. She then called Ms. King, who then acknowledged she was not an attorney. Ms. King promised to have an attorney sign the document, which never happened.[10] Until such time as these deficiencies are remedied, the discharge issuance has been deferred. On these facts, if Ms. King had sought compensation even for the amount of the $16 administrative fee charged to two of the debtors, this Court would have been constrained to deny her such compensation.

**Conclusion**

I. Pursuant to all of the foregoing, this Court hereby **CERTIFIES** to the United States District Court that, in view of the evidence presented, the defendants, Harriet Lynn King and HL King & Associates, USA, Inc, have engaged in numerous fraudulent, unfair and deceptive acts, including the unauthorized practice of law, and that this finding is certified as fact for further proceedings on motion of the debtor, the trustee, or a creditor, in accordance with 11 U.S.C. §110(i).

---

[10]The reaffirmations in the Holey case were subsequently approved when Ms. Holey attended a hearing on reaffirmations pro se.

II. Further, this Court hereby **GRANTS** the United States Trustee's requests to **SANCTION** the Ms. King a total of **$8,500.00 in FINES** to be paid to the United States Trustee, delineated as follows:

(i) the defendant, Ms. Harriet Lynn King, having been found by this Court to violate these specific provisions, 11 U.S.C. §110(b)(1),(c)(1),(f)(1),(g)(1), and (h)(1) in all three above-captioned cases, **IS HEREBY FINED** $500 per violation (three instances of each of the five violations), in accordance with 11 U.S.C. §110(b)(2),(c)(2),(d)(2),(f)(2),(g)(2), and (h)(4), amounting to $7,500.00;

(ii) and the defendant, Ms. Harriet Lynn King, having been found by this Court to violate 11 U.S.C. §110(d)(1) on two occasions, once in case no. 05-03024 (Howard) and once in case no. 05-30584 (Howard), **IS HEREBY FINED** $500 per violation (twice), in accordance with 11 U.S.C. §110(d)(2), amounting to $1,000.00.

III. The Court herein finds that the United States Trustee is entitled to injunctive relief as prayed for on all counts of the complaints. Accordingly; The defendants **ARE HEREBY ENJOINED** from further conduct in violation of §110. However, given the egregious facts of these cases and the failure of the defendant to respond to the orders of this Court regarding turnover of the funds she received in violation of §110, an injunction prohibiting further conduct in violation of §110 would be insufficient to prevent the defendant's interference with proper administration of Title 11, and thus, the defendants, Ms. Harriet Lyn King and HL King & Associates, USA, Inc, **ARE HEREBY ENJOINED pursuant to §110(j)(2)(B) from acting as petition preparers in the Western District of Louisiana.**

IV. Finally, this Court **ORDERS** the **IMMEDIATE** turnover of **all fees to the United States Trustee**, **a total of $1,859.00**, paid by each of the foregoing debtors to Ms. King, or to H.L. King & Associates, U.S.A., Inc., pursuant to the Court's power under §110(h)(2) and previous Order dated May 11, 2005, which funds may be exempted by the debtors, and the United States Trustee shall distribute said fees to the Chapter 7 Trustees for each case according to the amount paid by each debtor.

A separate and conforming order shall enter.

14

# # #